# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Andrea Lair

v.

Betty Yeh

### Case No. CL87-1310

Debra Iadarola

v.

Betty Yeh

### Case No. CL87-1311

### July 27, 1988

By JUDGE AUSTIN E. OWEN

On July 22, 1988, these matters were before the Court on the motions of the defendant, Betty Yeh, that the Court reconsider its prior order denying and overruling her Special Plea that the claims of each plaintiff are barred by the provisions of the Workers' Compensation Act and that this Court is without jurisdiction.

In a Memorandum filed in support of her motion and Special Plea, defendant states, on page one:

First, they are statutory fellow servants under Virginia Code Section 65.1-29 (Repl. Vol. 1987), even though *Dr. Yeh* was not an employee of the hospital and *was, in fact, an independent contractor* . . . . (Emphasis supplied).

The memorandum then states that, "It is undisputed that . . . plaintiff was a registered nurse employed by Virginia Beach General Hospital. Further, Dr. Yeh, a physician with staff privileges at Virginia Beach General Hospital, was an independent contractor of that hospital under Virginia Law." From these statements, defendant argues that (1) as statutory fellow servants, plaintiffs cannot bring an action against Dr. Yeh, and (2) that Dr. Yeh is not an "other party" amenable to suit under Virginia Code Section 65.1-41.

Both of these arguments were considered in *Intermodal Services, Inc. v. Smith*, 234 Va. 596 (1988), decided on January 15, 1988. After deciding, at page 600, that "independent contractors or subcontractors may not be 'employees' within the meaning of the Act," the Court, commencing on page 602, addressed the further contentions that the independent contractor was a "statutory employee" and was not an "other party" within the meaning of the Act. The Court said at page 602:

> Defendants argue that the language of the statutes demonstrates an intention of the General Assembly that independent contractors shall be considered "statutory employees," even though they do not qualify as "employees" under the common law.
> We do not agree with that contention . . . . The language of the respective statutes [Section 65.1-29 or Section 65.1-30 of the Act] fails to support such a conclusion.

At page 604, the Court considered the further contention that if not an employee or statutory employee, the independent contractor was also not an "other party" within the meaning of Section 65.1-41 of the Act, who could be sued in tort. The argument was advanced that the independent contractor was nevertheless "engaged in a part of the normal work activity" of the contractor. To this, the Court, which had determined that independent contractors (as distinguished from their employees) are nowhere included under the Act, said:

The obvious answer to this contention is that because the Act as a whole does not apply to [the Independent Contractor] under these circumstances, no individual section of the Act is applicable either.

Defendant, in any event, is an "other party," unless at the time of the injury complained of she was performing work that was part of the hospital's trade, business, or occupation. To paraphrase language from the opinion in *Carmody v. F. W. Woolworth Co.*, 234 Va. 198, 205 (1987), relied upon by defendant, *the appropriate injury is not whether the hospital was engaged in the practice of medicine or had ever been, but whether Dr. Yeh's practice of medicine at the hospital was a part of the hospital's business of operating a hospital.*

In pursuing that inquiry, reference to the decision in *Stuart Circle Hosp. Corp. v. Curry*, 173 Va. 136 (1939), also relied upon by defendant, is helpful. There suit was brought against the hospital based upon the alleged negligence of two of its employees, an intern and a nurse. The hospital defended, in part, on the contention that it could not be held liable for the acts of the intern, for that would involve the practice of medicine and it was not licensed to do so. The opinion makes clear that the routine medical care customarily engaged in by hospitals is entirely different from the services provided by visiting physicians or the members of the hospital staff. Thus, whether Dr. Yeh's relationship to the hospital, described in her memorandum as a "physician with privileges at the . . . hospital," be classed as a "visiting physician" or a "staff physician," she was not engaged in the business of Virginia Beach General Hospital.

As said in *Stuart Circle Hospital*, referring to a limited exemption afforded hospitals from the necessity of a license to practice medicine, "The effect of the exemption in the statute is to authorize hospitals to render *necessary routine medical care and attention to its patients such as is customarily engaged in by hospitals*." (Page 146. Emphasis supplied.)

Further, at page 147, the Court in *Stuart Circle Hospital* noted:

The acts complained of are not those of a selected, attending physician, whether as a member of the staff of the hospital, or an outsider . . . . The intern, such as the one employed here, held a different relationship to the hospital from a visiting physician or the members of its staff.

In finding, for the reasons above indicated, that Dr. Yeh is not a statutory fellow servant of the nurse plaintiffs and is an "other person" against whom these actions may properly be maintained, the court is not unmindful of the decision of Judge Westbrook J. Parker set forth in his letter to counsel, dated November 24, 1987, in the action styled *Nancy Ann Polak v. T. L. Marshall.*[1] In some respects, we appear to differ in our interpretation of the law and because of my respect for his ability, I differ only after much consideration and after noting that at the time of his decision, Judge Parker did not have the benefit of the views expressed in *Intermodal Services, Inc. v. Smith.*

---

[1] This opinion is printed above at page 79. [Reporter's Note]